PROSPER AMELL, APPELLEE, v. CLARENCE FISHER, APPELLANT.

FILED OCTOBER 3, 1907. No. 14,900.

Judgment: VACATING. A motion does not lie to vacate a judgment of the district court filed at,a term subsequent to the rendition of the judgment, and not founded on any of the grounds set forth in section 604 of the code.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Dismissed.*

*H. Chase,* for appellant.

*E. J. Smith* and *Thomas L. Sloan, contra.*

GOOD, C.

This was a suit in equity to determine the title to 40 acres of land in Thurston county, Nebraska. Both the parties claim title to the land as the next of kin to Peter Babtiste Amell, who died intestate and without issue, and after the death of his mother. Prosper Amell, the plaintiff, claimed as the father of said intestate. Clarence Fisher, the defendant, claimed as the half-brother of said intestate, and denied that Prosper Amell was the father of said Peter. There are many other allegations in the pleadings relative to the relation of the parties that need not be noticed. Trial was had to the court, resulting in findings and a judgment for the plaintiff. This judgment was entered on the 9th day of October, 1905. Defendant took no steps for a new trial or to vacate such judgment until the 24th day of March, 1906, and at a

term of court subsequent to that at which the judgment was rendered, when he filed a motion to set aside and vacate the judgment notwithstanding the findings of the court, and for judgment in his favor upon the pleadings. This motion was overruled by the trial court on the same day that it was filed. The defendant filed a transcript of the proceedings in this court on the 24th day of September, 1906, more than eleven months after the rendition of the original judgment and just six months after the overruling of said motion.

The appeal was not docketed in this court in time to give this court jurisdiction to review the original judgment, so that but a single question is presented by this record, namely, did the district court err in overruling the defendant's motion to vacate and set aside the judgment. Section 602 of the code points out the grounds upon which a judgment of the district court may be vacated at a term subsequent to its rendition. Sections 603 and 604 point out the manner in which such relief may be sought. Section 604 designates all of the grounds upon which such relief may be granted by a motion. The defendant's motion to vacate the judgment did not fall within any of the provisions of this section, and the district court was therefore without any authority to grant the relief which the defendant sought by this motion. Any ruling upon this motion could not affect the judgment that had been rendered at a previous term of court. The judgment of the district court in overruling this motion was right and should be affirmed. We recommend that the appeal be dismissed.

DUFFIE, C., concurs.

By the Court: For the reasons given in the foregoing opinion, the appeal is

DISMISSED.